UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

GABRIEL DAMIAN CORTEZ,

Defendant.

No. 1:18-cr-00060-TLN

**ORDER**

This matter is before the Court on Defendant Gabriel Damian Cortez's ("Defendant") Motion to Modify the Conditions of Supervised Release. (ECF No. 92.)  The Government has not filed an opposition or response.  For the reasons set forth below, Defendant's motion is DENIED.

///

///

///

///

///

///

///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2019, Defendant pleaded guilty to one count of a one-count Indictment charging a violation 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  (ECF No. 24.)  On April 1, 2019, Defendant was sentenced to 72 months of imprisonment and 36 months of supervised release.  (ECF No. 34.)  On July 7, 2023, the term of supervised release commenced.  (ECF No. 70 at 2.)  On March 7, 2025, a Violation Petition was filed with the Court alleging five charges.  (ECF No. 56.)  On March 20, 2025, this Court held an admit/deny hearing and Defendant denied Charges 1 through 5.  (ECF No. 62.)  On April 30, 2025, the Court held an evidentiary hearing.  (ECF No. 69.)  During the evidentiary hearing the Government played the video for the Court.  The video clearly showed the Defendant running out of a residence, chasing Hernandez, grabbing and striking her causing her to fall to the ground, dragging her while she was on the ground, and subsequently walking away while calling her a "bitch".  Despite the uncontroverted video evidence, Hernandez took the witness stand and denied she was victimized by the Defendant during the incident.  At the conclusion of the evidentiary hearing, the Court found Defendant violated Charge 1 (Failure to Notify of Law Enforcement Contact), Charge 4 (Failure to Follow the Instructions of the Probation Officer), and Charge 5 (New Law Violation).  (ECF No. 69.)  On September 4, 2025, the Court held a dispositional hearing and found Defendant violated the terms and conditions of supervision as alleged in Charges 1, 4, and 5 of the Violation Petition.  (ECF No. 90.)  The Court revoked Defendant's supervised release previously imposed and sentenced Defendant to 13 months of imprisonment.  (*Id.*)  The Court also ordered that upon release from imprisonment, Defendant shall be placed on supervised release for 20 months.  (*Id.*)  On January 12, 2026, Defendant filed the instant motion to modify the conditions of supervised release.  (ECF No. 92.)  The Government did not file a response.

## II.    STANDARD OF LAW

A district court has broad discretion to modify conditions of supervised release.  *United States v. Bainbridge*, 746 F.3d 943, 951 (9th Cir. 2014); *see also* 18 U.S.C. § 3583(e)(2) (noting that a district court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release").  "A 'condition of

supervised release does not have to be related to the offense of conviction because the sentencing judge is statutorily required to look forward in time to crimes that may be committed in the future by the convicted defendant.'" *Bainbridge*, 746 F.3d at 951 (quoting *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010)). "Moreover, 'the district court [generally] need not state at sentencing the reasons for imposing each condition of supervised release, if it is apparent from the record.'" *Id.* (quoting *United States v. Becker*, 682 F.3d 1210, 1213 (9th Cir. 2012)).

**III.    ANALYSIS**

Defendant requests the Court remove the supervised release condition requiring him to obtain permission from the Court before interacting with Victoria Hernandez ("Hernandez"). (ECF No. 92 at 1.) Defendant notes that since July 7, 2023, when his term of supervised release commenced, he rekindled his relationship with Hernandez and married her. (*Id.*) Defendant asserts "his entire livelihood is situated with Hernandez" and "[b]ecause no state conviction for domestic related issues exist to support [his] daughter's misleading information about the relationship to the probation officer[,] the condition should be removed[.]" (*Id.*)

Indeed, Defendant is correct that, pursuant to the Judgment issued by the Court on September 8, 2025, the following is listed as a Special Condition of Supervision: "You must not communicate or otherwise interact with Victoria Hernandez, either directly or through someone else, without first obtaining the permission of the probation officer." (ECF No. 91 at 5.)

As stated in Charge 5 of the Violation Petition, Probation received a Ring camera video with a timestamp of March 1, 2025, which involves a domestic violence disturbance between an adult male and female. (ECF No. 56 at 3.) In the video, Defendant is seen running out of a residence, initially attempting to strike the female and telling her to "Get inside." (*Id.* at 4.) Defendant is then seen grabbing the female and striking down on the female's upper back/neck area causing her to fall to the ground and then appears to drag the female while she is on the ground and walks away calling her a "bitch." (*Id.*) The female victim in the video was unwilling to file a police report. (*Id.*) Defendant's daughter attempted to file a police report with the Stockton Police Department but was unable to do so as she was not the victim of the crime. (*Id.*) Because the Court found Defendant violated the terms and conditions of supervision as alleged in

3

the Violation Petition (in particular Charge 5) (ECF No. 9), the Court is not inclined to modify or remove the aforementioned condition.

Further, the language of the special condition provides the probation officer with the discretion to allow for Defendant to contact Hernandez.  Accordingly, Defendant's motion is DENIED.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Modify the Conditions of Supervised Release is DENIED.  (ECF No. 92.)

IT IS SO ORDERED.

Date: February 9, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4